UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE TAX INDEBTEDNESS OF | MISCELLANEOUS ACTION |
| OLLIE D. SPIVEY D/B/A FAMILY HEALTH FOODS 419 LAPALCO BOULEVARD GRETNA, LOUISIANA 70056 | NO: 05-1973 |
| SSN ████2735 | SECTION: "J" (6) |

**ORDER AND REASONS**

Before the Court is Ollie D. Spivey's *pro se* **Letter of Objections to the Motion and Order to Enter Premises to Effect Levy by the United States of America.** (Rec. Doc. 3). The Court also has before it the Court ordered response by the United States to Mr. Spivey 's letter (Rec. Doc. 9). Having studied the motions, legal memoranda, and applicable law, the Court finds that Mr. Spivey's **Objections to the Motion and Order to Enter Premises to Effect Levy by the United States of America.** (Rec. Doc. 3) should be DENIED.

**BACKGROUND**

Mr. Spivey failed to file tax returns or pay taxes from 1998

to 2001. The IRS determined that he owed $99,092.73 in taxes for those years. Mr. Spivey refused to pay his taxes when notified of his indebtedness and even wrote letters to the IRS billing *the agency* for all the legal research he had done to prove to them that the personal income tax is unconstitutional. After a final notice and demand of payment, on May 27, 2005 the IRS filed an "Application of the United States to Enter Premises to Effect Levy" in this court. Magistrate Judge Moore granted the application and authorized entry to Mr. Spivey's business to seize its stock of health food products and equipment for sale to satisfy the levy on his property. Following the seizure, Mr. Spivey filed for bankruptcy to stay the sale of the seized items. His bankruptcy proceeding was dismissed. The items were sold. Mr. Spivey mailed a letter to Magistrate Judge Moore protesting that he did not have subject matter jurisdiction to enter the order authorizing entry onto Mr. Spivey's premises. This letter is being considered as a *pro se* filing of objections to the order of entry.

## DISCUSSION

Mr. Spivey attacks the subject matter jurisdiction of the Magistrate to issue an Order of Entry to Effectuate a Levy. His objections are as follows:

(1) "no warrant of distraint was ever obtained by the IRS

and no verified documents were presented" to the magistrate;

(2) "the IRS agents do not have the required approvals from the Secretary of the Treasury and the Attorney General and did not present these required approvals to any Court;"

(3) Mr. Spivey's property was improperly (and/or unconstitutionally) levied;

(4) Mrs. Spivey's property was improperly (and/or unconstitutionally) levied.

Mr. Spivey cites, somewhat erratically, to provisions of the Internal Revenue Code and case law in support of his contentions. However, his arguments and citations are not really directed to the subject matter jurisdiction or authority of this court to issue the Order of Entry. They are directed at the propriety of the levy against his property.

The law is clear that the court did have jurisdiction and authority to issue an order of entry in this case. The Fifth Circuit stated in *Moore v. Felger*, 19 F.3d 1054, 1056 n.1 (5th Cir. 1994), that:

> [d]istrict courts can issue orders, upon *ex parte* application by the government, to enter private premises to seize property subject to federal tax liens. *See*, 26 U.S.C. § 7402(a); *see also*, *United States v. Campbell,* 761 F.2d 1181, 1186 (6th Cir.1985); *In re Carlson,* 580 F.2d 1365, 1373 (1978). Those orders, however, are subject to Fourth Amendment limitations. *G.M. Leasing Corp. v. United States,* 429 U.S. 338, 354, 97 S.Ct. 619, 629, 50 L.Ed.2d 530 (1977).

Under *G.M. Leasing*, the Fourth Amendment requires that the IRS obtain a warrant to enter private premises to effect a levy. *See Oxford Capital Corp. v. United States*, 211 F.3d 280, 287 (5th Cir. 2000). To obtain the warrant, the IRS agent must show probable cause. *Id.* Probable cause for an IRS writ of entry has been considered differently than criminal probable cause. *Blakley v. U.S.*, 1996 WL 756538, 21 (W.D.Tex. 1996) (citing *Matter of Brown,* 1984 WL 1356 (D. Utah 1984), and *In the Matter of Coppola,* 810 F. Supp. 429, 434 (E.D. N.Y. 1992), *aff'd* 1995 WL 760573 (2d Cir. 1995)). Basically, "the Government only needed to demonstrate in its affidavits that there was probable cause that the place to be entered contained seizeable goods and that there was probable cause to connect the assets seized to the taxpayer." *Id.*

Mr. Spivey's objection regarding the "warrant of distraint" and "verified documents" seems to attack the sufficiency of the probable cause evidence. In this case, IRS agent Susan G. Montet filed a Declaration in support of the Application of the United States to Enter the Premises to Effect Levy. *See* Attachment to Motion and Order (Rec. Doc. 1). The magistrate judge found that this Declaration supported probable cause and issued the order to enter. Based on the probable cause standard outlined above, the magistrate judge's finding is correct. Agent Montet's declaration

delimited the scope of entry and demonstrated that there was probable cause that Mr. Spivey's store contained seizeable goods that were connected to him. Nothing more was required.

All of Mr. Spivey's other objections concerning the impropriety or unconstitutionality of the levy itself are not properly before the Court and must be dealt with in other proceedings.

> The warrant requirement... has to do with entry upon private property and nothing at all to do with the reasonableness or possible unreasonableness of a contemplated levy upon private property in aid of tax collection. It is solely for the protection of the privacy interest of the occupants, generally guaranteed by the Fourth Amendment, that the warrant is required. Judges are simply to determine whether the application and supporting affidavit showed probable cause to enter, search for, and levy upon personal property in aid of summary collection of assessed and unpaid taxes. This was also held in *Matter of Carlson*, 580 F.2d 1365 (10th Cir. 1978).

*U.S. v. Shriver*, 645 F.2d 221, 222 (4th Cir., 1981).

Mr. Spivey's arguments that the income tax laws are unconstitutional are spurious. "The constitutionality of income tax laws has been consistently upheld, and...arguments otherwise are totally without merit." *Burroughs v. Wallingford*, 780 F.2d 502, 502 (5th Cir. 1986) (citing *Stites v. United States*, 746 F.2d 1085 (5th Cir. 1984) and cases cited therein).

Mr. Spivey's arguments that the tax lien on his property was improper cannot be raised in district court in a post-seizure motion. Under 26 U.S.C. section 7422 an claim by the taxpayer for

a refund on a wrongful levy must first be raised in an administrative proceeding. Similarly, an action by a third-party (Mrs. Spivey) for wrongful levy must be filed pursuant to 26 U.S.C. section 7426 and cannot be raised by motion.

Accordingly,

**IT IS ORDERED** that Mr. Spivey's **Objections to the Motion and Order to Enter Premises to Effect Levy by the United States of America.** (Rec. Doc. 3) are **DENIED**.

New Orleans, Louisiana this the 22nd day of November, 2005.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE